UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TERRY CARLTON LANCASTER ,

      Plaintiff,

-vs-                             Case No. 8:04-CV-2107-T-30TGW

ST. PETERSBURG POLICE DEP'T,
PAUL F. COOKE, BERNIE McCABE,
FRANK MIGLIORE,

      Defendants.

_____/

## **ORDER**

      Plaintiff, an inmate incarcerated in a Federal penitentiary,[1] initiated this action by filing a civil rights complaint (Dkt. 1) and a Motion for Waiver of Costs and Fees (Dkt. 2). For reasons set forth *infra*, the Court finds that this matter is subject to dismissal prior to service of the complaint on the Defendants.

_____

[1] The Court takes judicial notice of information contained in its file, *United States v. Lancaster*, Case No. 8:01-CR-00194-SDM-ALL (M.D. Fla. 2003), stating that on May 3, 2001, law enforcement officers from the St. Petersburg Police Department and the Bureau of Alcohol, Tobacco and Firearms executed a search warrant at Plaintiff's residence at 4400 10th Avenue South, St. Petersburg, Florida (CR Dkt. 29). Plaintiff was taken into custody during the search, and on May 4, 2001, Plaintiff was arrested on federal charges of distributing a quantity of a mixture or substance containing a detectable amount of cocaine base, also known as "crack" in violation of Title 21 U.S.C. § 841(a)(1) and (b)(1)(C) on April 13, 2001 (Counts I and II); possession with intent to distribute fifty grams or more of a mixture or substance containing a detectable amount of cocaine base, also known as "crack," in violation of Title 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii) on May 3, 2001 (County III); possession of a firearm in furtherance of a drug trafficking crime in violation of Title 18 U.S.C. § 924(c)(1)(a) (Count IV); and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(b)(1) and 924(a)(2) (County V) (CR Dkt. 9). Plaintiff entered an open plea to Counts I, II, III, and V on October 15, 2001 (CR Dkt. 44). The Government's motion to dismiss Count IV of the indictment was granted on October 22, 2001 (CR Dkt. 44). Plaintiff was sentenced on December 11, 2003, to serve concurrent terms of 240 months imprisonment to be followed by a 5-year term of supervised release on Counts I and II; 292 months imprisonment to be followed by a 5-year term of supervised release on Count III; and 120 months imprisonment, to be followed by a 3-year term of supervised release on Count V (CR Dkt. 130).

## Background

In his complaint, Plaintiff names the St. Petersburg Police Department ("SPPD"), Detective Paul F. Cooke, State Attorney Bernie McCabe and Assistant State Attorney Frank Migliore as defendants (Dkt. 1).  According to Plaintiff, his Forth Amendment rights were violated when Defendant Cooke obtained a search warrant on September 20, 2000, to enter Plaintiff's rental property at 1626 42nd Street, South, St. Petersburg, Florida, based on an allegedly false statement.  *Id*.  Plaintiff asserts that there are discrepancies between statements made in Defendant Cooke's affidavit submitted to the trial court judge supporting the request for issuance of a search warrant and Defendant Cooke's police reports and subsequent testimony.[2]  *Id*.  Plaintiff states that:

> At the time of the [execution of the] search warrant the Plaintiff was arrested and $3,095 was seized form the Plaintiff and charge[d] with arm [sic] trafficking and sale/delivery of cocaine and had to pay numerous bonds numerous times and had to pay two attorney fee(s) ... and lost his rental property of 1626 – 42[d] Street South St. Petersburg and because of the charge of trafficking the Plaintiff was evicted from his Bel-Air Apartment because Detective Paul F. Cook search[ed] the Plaintiff['s] apartment without a search warrant for drugs and non [sic] was found and items was [sic] tacken [sic] from the – Plaintiff['s] apartment.  There was fee(s) place[d] on the – Plaintiff by Bel-Air Apartment for damages to the apartment because of this search.
>
> Case was dismiss[ed] on September 7, 2004.

Dkt. 1.  Plaintiff is seeking reimbursement for losses he allegedly incurred as a result of the search and subsequent arrest:

| | |
|---|---|
| Attorney fees | $14,500.00 |
| Property damage | 875.00 |
| Bonds | 9,500.00 |

---

[2] Plaintiff asserts that Defendant Cook stated in his affidavit to obtain a search warrant that he maintained constant visual surveillance of a confidential informant during a drug buy, but later denied maintaining constant visual contact with the confidential informant in an investigative report and sworn deposition (Dkt. 1).

2

| | |
|---|---|
| Money seized during the arrest | 3,095.00 |
| Loss of rental property | 37,300.00 |

Plaintiff also seeks compensation for each day he was held in jail on the charges (Dkt. 1).

## Discussion

On April 26, 1996, the President signed into law the Prison Litigation Reform Act ("PLRA").  Pursuant to the PLRA, codified, in pertinent part, at 28 U.S.C. § 1915(e)(2), federal courts must dismiss an *in forma pauperis* prisoner's claims if:

> (A) the allegation of poverty is untrue; or (B) the action or appeal – (I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).  The procedure required by 28 U.S.C. § 1915(e)(2) is a screening process to be applied by the Court *sua sponte*.

Having reviewed the complaint, the Court finds that, even though allegations of a pro se plaintiff are held to a less stringent standard than formal pleadings drafted by lawyers, *see Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam), this complaint should be dismissed without service on Defendants pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim for which relief can be granted.

Because Plaintiff is proceeding under 42 U.S.C. § 1983, the initial inquiry must focus on whether the two essential elements to a 42 U.S.C. §l983 action are present:

> (1) whether the person engaged in the conduct complained of was acting under color of state law; and (2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States.

*Duke v. Massey*, 87 F.3d 1226, 1231 (11th Cir. 1996) (citations omitted); *see also Hale v. Tallapoosa County*, 50 F.3d 1579 (11th Cir. 1995).  If either of these threshold elements

3

is missing, the claim fails.

### Defendants SPPD, McCabe and Migliore

Plaintiff makes no allegations of wrongful conduct by Defendants SPPD, McCabe, or Migliore.  Even if Defendants McCabe and Migliore were, in the course of their duties as state attorneys, involved in the prosecution of Plaintiff's case, they would be entitled to absolute immunity.  "A prosecutor is entitled to absolute immunity for 'acts undertaken ... in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State.'"  *Mastroianni v. Bowers* 173 F.3d 1363, 1366 (11th Cir. 1999) (citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)).

As to Defendant St. Petersburg Police Department, "[w]here a police department is an integral part of the city government as the vehicle through which the city government fulfills its policing functions, it is not an entity subject to suit" absent some allegation of conduct attributable to the department itself.  *Eddy v. City of Miami*, 715 F.Supp 1553, 1556 (S.D. Fla. 1989).  *See also Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992)*; Post v. City of Ft. Lauderdale,* 750 F.Supp. 1131, 1132 (S.D.Fla. 1990);  *Florida City Police Dep't v. Corcoran*, 661 So.2d 409, 410 (Fla. 3d DCA 1995) (finding that the "Police Department . . . does not have the capacity to sue and be sued").  There are no allegations of conduct attributable to Defendant SPPD in the complaint. Defendant SPPD is, therefore, not a proper party in this litigation and must be dismissed.

### Defendant Cooke

Plaintiff claims that his Fourth Amendment rights were violated in connection with Defendant Cooke's search warrant application (Dkt. 1).  There is no substantive due process right to be free from investigation or even from prosecution on less than probable

cause.  *See Albright v. Oliver,* 510 U.S. 266, 268 (1994).  Similarly, the Due Process Clause does not recognize an unlawful arrest as a constitutional injury for which damages are recoverable under 42 U.S.C. § 1983.  In *Baker v. McCollan,* 443 U.S. 137 (1979), the Court observed that "[t]he Constitution does not guarantee that only the guilty will be arrested.  If it did, 42 U.S.C. § 1983 would provide a cause of action of every defendant acquitted...." *Id.* at 145.  The *Baker* Court went on to explain that, for the purposes of the Due Process Clause, a claimant's innocence of the charge for which he was arrested is "largely irrelevant."  *Id.*  Thus, even if any mishandling of the evidence against Plaintiff resulted in his unlawful arrest, there is no cognizable due process claim for this alleged harm.

The Fourth Amendment requires that "where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause," then a hearing must be held at the defendant's request.  *Franks v. Delaware*, 438 U.S. 154, 155-156 (1978).  No hearing is required if, after setting aside the allegedly false statement, "there remains sufficient content in the warrant affidavit to support a finding of probable cause. *Id.* at 171, 172.

Plaintiff presents conflicting allegations about Defendant Cooke's allegedly false statements and the weight the state court gave these statements in issuing the search warrant (Dkt. 1).  Plaintiff initially maintains that Defendant Cooke made a false statement to obtain the search warrant, thus violating the Fourth Amendment (Dkt. 1).  Plaintiff later states that the "buy [was] used for intelligence only and not for cause for the search

warrant" (Dkt. 1).   Given Plaintiff's account that the allegedly false statement was not necessary to the state court's finding of probable cause, Plaintiff fails to state a viable § 1983 claim because he has not demonstrated that his Fourth Amendment rights were violated in connection with Defendant Cooke's search warrant application.

Plaintiff seeks the return of property, including $3,095.00, allegedly seized during the execution of the search warrant (Dkt. 1).  Plaintiff can seek the return of his property by filing a motion for the return of property in the trial court.  *See Eight Hundred, Inc. v. State*, 895 So.2d 1185 (Fla. 5th DCA 2005); *Bolden v. State*, 875 So.2d 780 (Fla. 2d DCA 2004).  See also Fla Stat. ch. 705.105 (2004).

ACCORDINGLY, the Court **ORDERS** that:

1.      Plaintiff's request to proceed *in forma pauperis* (Dkt. 2) is **DENIED**.

2.      The complaint is **DISMISSED** without prejudice to Plaintiff's right to seek relief under Florida law.

3.      The Clerk shall enter judgment accordingly, terminate all pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on August 12, 2005.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copy furnished to:
*Pro se* Plaintiff

SA:jsh/ec

6